IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| SHARON MARIE GENTRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:12-cv-00015 |
| v. ) | |
| ) | Judge Nixon |
| CAROLYN W. COLVIN, ) | Magistrate Judge Bryant |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff Sharon Marie Gentry's Motion for Judgment on the Administrative Record ("Motion"). (Doc. No. 9.) On February 10, 2014, Magistrate Judge Bryant issued a Report and Recommendation ("Report") recommending that Plaintiff's Motion be denied and the decision of the Social Security Administration be affirmed. (Doc. No. 17 at 32.) On February 24, 2014, Plaintiff filed an Objection to the Report (Doc. No. 19), to which the Commissioner did not respond. For the reasons stated below, the Magistrate Judge's Report is **ADOPTED** and Plaintiff's Motion is **DENIED**. Plaintiff's Motions for Status (Doc. Nos. 20, 21) are hereby **TERMINATED as MOOT**. The Clerk of the Court is **DIRECTED** to close the case.

I. STANDARD OF REVIEW[1]

The Court's review of the Report is *de novo*. 28 U.S.C. § 636(b) (2012). This review, however, is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act

---

[1] The Court adopts Magistrate Judge Bryant's statement of the facts and procedural history of the case. (Doc. No. 17 at 1–22.) The Court restates the facts and procedural history only as necessary to the resolution of the issues.

1

provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, the reviewing court will uphold the ALJ's decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is a term of art and is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison*, 305 U.S. at 229).

"Where substantial evidence supports the [Commissioner's] determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations because these factual determinations are left to the ALJ and to the Commissioner. *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to different factual conclusions as to the Plaintiff's claim on the merits than those of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg*, 987 F.2d at 331.

## II. OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

Gentry objects to the Magistrate Judge's recommendation that the ALJ properly rejected the opinions of Dr. P.K. Jain. (Doc. No. 19 at 1.) In a June 2009 Medical Source Statement, Dr. Jain limited Gentry to lifting and carrying five pounds, standing and walking two hours per day,

and sitting less than six hours per day. (Tr. 675–76.)² In a June 2011 Medical Source Statement, Dr. Jain limited Gentry to "less-than-sedentary exertion." (Tr. 958–61, 20.)

The ALJ determined that Dr. Jain's Medical Source Statements were not entitled to controlling weight because they were inconsistent with other substantial evidence in the record. The ALJ found Dr. Jain's June 2009 opinion (Tr. 675–78) was "entitled to very little weight because [it is] not consistent with the bulk of objective observations such as muscle strength mentioned above at physical examinations" or the "vast weight of medical opinion evidence nor the longitudinal record as a whole." (Tr. 20.) The ALJ found the June 2011 (Tr. 958–61) opinion was likewise entitled to "very little weight because it is not consistent with the overall longitudinal record. Moreover, this opinion relies too heavily on the claimant's subjective complaints, and the reliability of the claimant's subjective veracity is in question." (Tr. 20.) Finally, the ALJ noted that Gentry was recently able to exercise for ten minutes during an exercise stress test, and found that Dr. Jain's reports were inconsistent with Dr. Donita Keown's exam notes indicating Gentry was malingering. (Tr. 21.) The Magistrate Judge found the ALJ gave good reasons supported by substantial evidence for disregarding Dr. Jain's opinions. (*Id.* at 29–30.) Gentry disagrees, contending that her pain fluctuates in intensity, none of her treating providers found she was malingering, and that the ALJ erred in failing to give Dr. Jain controlling weight based only on the existence of a conflicting medical opinion from a non-treating physician. (Doc. No. 19 at 2–3.)

Under 20 C.F.R. §§ 404.1502 and 416.902, a "treating source" is defined as the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant], or has provided [the claimant], with medical treatment or evaluation and who has, or

---

² A copy of the administrate record is available electronically at Docket Number 5.

3

has had, an ongoing treatment relationship with [the claimant]." *Accord Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013), reh'g denied (May 2, 2013). The parties do not dispute that Dr. Jain is a treating source (*see* Doc. No. 13 at 9–11), thus the ALJ was required to give his medical opinion "controlling weight" if the following conditions are met: "(1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart*, 710 F.3d at 376 (quoting 20 C.F.R. § 404.1527(c)(2)); *West v. Comm'r of Soc. Sec.*, 240 F. App'x 692, 696 (6th Cir. 2007).

If the treating source's medical opinion is not entitled to controlling weight, the ALJ must determine the appropriate weight to accord the opinion upon consideration of the following factors: "the length of the treatment relationship and the frequency of the examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)). If the ALJ does not give a treating source's opinion controlling weight, he must give "good reasons" that are supported by the evidence in the record and sufficiently specific to permit "meaningful review of the ALJ's application of the rule." *Id.* (internal citations omitted). A failure to give "good reasons," or a failure to determine the degree of deference owed to a non-controlling treating source opinion, "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record" and requires remand. *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007)).

Upon review of the record, this Court agrees with the ALJ and the Magistrate Judge's determinations that Dr. Jain's reports are inconsistent with other substantial evidence in the record, and finds that the ALJ gave good reasons for the degree of deference accorded Dr. Jain's opinion. Dr. Jain's 2009 Medical Source Statement indicates that pain and weakness resulting from arthritis, neuropathy, and degenerative disc disease drastically limited Gentry's ability to work. (Tr. 675–78.) However, as described by the ALJ and later the Magistrate Judge, Dr. Jain's reports are inconsistent with other contemporaneous treatment notes. The physical therapy treatment notes cited by the ALJ show that Gentry began her course of therapy in October 2009 and rated her pain as a nine on a ten-point scale, and that her pain was inadequately controlled. (Tr. 727.) However, by December 9, 2009, Gentry's pain was a two out of ten and adequately controlled. (Tr. 725.) In February 2010 she reported her pain as a six out of ten, but noted that physical therapy and her TENS unit provide "adequate pain control. She is able to be independent with ADLs." (Tr. 723.)

Additionally, as explained by the ALJ, both the 2009 and 2011 Medical Source Statements are inconsistent with substantial longitudinal evidence. As described above and by the ALJ, Gentry's medical records indicate she showed improvement with physical therapy and was able to manage her pain with a TENS unit and heat packs. (Tr. 18.) Furthermore, following an earlier course of physical therapy, Gentry showed similar improvements: a January 2008 physical therapy discharge summary indicates Gentry started therapy with eight-level pain, but complained of three-to-five-level pain by the end of treatment, and that Gentry was "having good days and bad days" but her pain was "a lot better overall." (Tr. 806.) As the ALJ noted, and as the physical therapy and other treatment notes confirm, Gentry's pain is alleviated by exercise. (Tr. 18.) Furthermore, Gentry's treatment notes indicate that one of her highest reports of pain

occurred in 2010, at a time when she was not taking pain medications, which the ALJ concluded "shows the claimant's condition is controllable with proper prescription medication." (Tr. 19 (citing Tr. 686).)

The ALJ also determined that Dr. Jain's reports were entitled to lesser weight because they relied on Gentry's subjective complaints, and the ALJ found the record undermined Gentry's credibility. The Court concurs that although Dr. Jain's reports list Gentry's diagnoses, the extent of the exertional and manipulative limitations described by Dr. Jain are drawn from Gentry's subjective complaints of pain and weakness. (Tr. 959–60.) Dr. Jain's assessments of Gentry's credibility are not medical opinions requiring consideration by the ALJ because "credibility determinations with respect to subjective complaints of pain rest with the ALJ." *Allen*, 561 F.3d at 652 (quoting *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987)); *accord Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984) (finding that the "tolerance of pain is a highly individual matter and a determination of disability based on pain by necessity depends largely on the credibility of the claimant"). The Court is troubled by the ALJ's finding that some of Gentry's complaints of pain are too "extreme to be considered entirely reliable" because the ALJ cites nothing to support this judgment other than her own apparent incredulity. (*See* Tr. 18.) However, the ALJ's adverse credibility determination, and decision to discount Dr. Jain's opinion as overly-reliant on Gentry's complaints, is nonetheless supported by substantial evidence.

For instance, in her Tennessee Department of Human Services Pain Questionnaire, Gentry indicated she has constant pain that has only grown worse since her surgery and, in response to "If not constant, how often does it occur," Gentry left the answer field blank. (Tr. 241, 243.) At her 2009 hearing, Gentry explained that she has neck pain that is "always with me

6

all the time" (Tr. 68), "a constant pain in my back" (Tr. 69), and numbness in her extremities that is "with me all the time" (Tr. 70). At her 2011 hearing, Gentry stated "I've always had pain since I've had my surgery [in 2006] . . . I had numbness and it just gradually grew worse." (Tr. 37.) Although Gentry has had fatigue "off and on for . . . the last four years" (Tr. 45), she stated that she has pain "daily" (Tr. 41) that increases when she overexerts herself (Tr. 43). Gentry's testimony, explicitly considered by the ALJ as part of her determination, is inconsistent with the medical records of her other treating physicians cited by the ALJ, which indicate her pain was sometimes present only sixty percent of the time and ranged in intensity from a two to a ten on a scale of one to ten. (*See* Tr. 18–19.) Furthermore, as the ALJ pointed out, Gentry performed an exercise stress test in February 2011, during which the physician noted Gentry had joint pain but no arm pain or leg pain while exercising, and Gentry was able to complete the test. (Tr. 918.) Finally, the SSA's consulting physician, Dr. Donita Keown, explicitly found that Gentry was malingering during her examination, based on test performance that was "'clearly inconsistent' with [Keown's] observations of the claimant's ability to manipulate articles of clothing, door knobs, and writing utensils." (Tr. 19 (citing Tr. 736).)

As Gentry points out, "It is well settled that the opinions of treating physicians should be given greater weight than those held by physicians the Secretary hired and who only examined plaintiff once . . . particularly [where] the severity of plaintiff's condition fluctuates. Only physicians who have seen plaintiff several times over a period of months can adequately evaluate his impairment." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983). However, the ALJ's decision not to give Dr. Jain's opinions controlling weight was supported by substantial evidence in the record, and the ALJ's decisions to give Dr. Jain's

opinions "very little weight" (Tr. 20) was supported by good reasons. Under these circumstances, the ALJ did not err in giving greater weight to the opinion of Dr. Keown than Dr. Jain.

### III. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and **DENIES** Plaintiff's Motion. Plaintiff's Motions for Status are hereby **TERMINATED AS MOOT**. The Clerk of the Court is **DIRECTED** to close this case.

It is so ORDERED.

Entered this the 1st day of June, 2015.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT